UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| In re<br><br>AUBURN ACE HOLDINGS LLC<br><br>    Debtor<br><br>AUBURN ACE HOLDINGS LLC,<br><br>    Plaintiff,<br><br>    v.<br><br>CENTURION FINANCIAL GROUP, LLC, *et al.*,<br><br>    Defendants. | Case No. C09-0966RSL<br><br>Bankruptcy No. 08-12687<br>Internal Appeal No. 09-S017<br>Adversary No. 08-01129<br><br>ORDER GRANTING APPEAL |

## I. INTRODUCTION

This matter comes before the Court on an appeal from an order of the United States Bankruptcy Court for the Western District of Washington. Centrum Financial Services, Inc. and Wells Fargo[1] (collectively, "Centrum") appeal the bankruptcy court's grant of a motion for summary judgment filed by third party defendant Stafford Frey Cooper ("Stafford Frey"), a

---

[1] Centrum assigned an interest in the loan documents and deed of trust at issue in this case to Wells Fargo, N.A. Because Wells Fargo's interest arises solely from the assignment, the Court refers to both entities collectively as "Centrum" as the parties do.

ORDER GRANTING APPEAL - 1

1  Seattle law firm. Centrum contends that once the bankruptcy court granted Centrum's motion
2  for summary judgment, its third party claim against Stafford Frey was moot. Therefore, the
3  bankruptcy court should not have ruled on Stafford Frey's dispositive motion and dismissed
4  Centrum's claim with prejudice.

5  For the reasons set forth in this Order, the Court grants the appeal.

## II. DISCUSSION

7  Many of the facts relevant to this appeal are set forth in the Court's order denying Auburn
8  Ace's appeal and will not be repeated here. Rather, the Court focuses on the additional facts
9  relevant to Centrum's appeal.

10  On January 5, 2007, William Neal, an attorney with Stafford Frey, issued a letter to
11  Centrum opining that Errez had authority to enter into the loan with Centrum on behalf of
12  Auburn Ace. As part of the adversary action, Centrum filed a third party complaint against
13  Stafford Frey, accusing the firm of negligently representing the enforceability of Centrum's note.
14  The bankruptcy court granted Centrum's motion for summary judgment, finding that Errez had
15  the authority to bind the company, so the loan and deed of trust were valid. At that point,
16  Centrum moved to dismiss its third party claim without prejudice. Stafford Frey objected. The
17  bankruptcy court granted Stafford Frey's motion for summary judgment to dismiss the third
18  party complaint, even though the court explicitly noted that its grant of Centrum's motion for
19  summary judgment mooted the third party claim. (Dkt. #230, Transcript of Proceedings at pp.
20  39-40).[2] The bankruptcy court explained that "Centrum could not possibly have relied on the
21  opinion letter in making the loan and disbursing the money" because the bulk of the funds were
22  disbursed before Centrum received the opinion and because Centrum relied on the issuance of
23  the title insurance policy. Id.

24  This Court has jurisdiction pursuant to 28 U.S.C. § 158(a)(1), which provides that district

---

26  [2] Docket numbers in this order refer to entries in the underlying bankruptcy matter,
    Adversary No. 08-01129.

28  ORDER GRANTING APPEAL - 2

courts have jurisdiction to hear appeals "from final judgments, orders, and decrees." The Court reviews the grant of a motion for summary judgment *de novo*. See, e.g., Sznewajs v. United States Bancorp Amended & Restated Supp. Benefits Plan, 572 F.3d 727, 732 (9th Cir. 2009).

Stafford Frey argues that the third party action was not moot, in part because it expended significant resources defending against the third party complaint and was entitled to a ruling on the merits. Ordinarily, the Court will not permit a party to dismiss a claim without prejudice to avoid an adverse ruling on a pending dispositive motion. The issue of mootness, however, is distinct from the issue of whether a party is engaging in strategic behavior, which is not an issue in this case. If an action becomes moot, it must be dismissed, regardless of the amount of resources the parties have expended. See, e.g., In re Di Giorgio, 134 F.3d 971, 974 (9th Cir. 1998) ("Whenever an action loses its 'character as a present live controversy' during the course of the litigation, federal courts are required to dismiss the action as moot.") (quoting Allard v. DeLorean, 884 F.2d 464, 466 (9th Cir. 1989)).

Stafford Frey also argues that the third party claim was not moot because it is subject to reinstatement on appeal. That fact, at most, shows that the occurrence of future hypothetical events may later result in a live controversy between the parties. It does not show that they had one when the bankruptcy court granted the motion. Instead, the third party claim was actually moot at the time the bankruptcy court ruled on it. The third party claim was contingent on Auburn Ace's ability to prevail on its claim to invalidate Centrum's deed of trust. Because of the contingent nature of the claim, it became moot once the bankruptcy court granted Centrum's motion for summary judgment. At that point, as the bankruptcy court itself acknowledged, there was no longer a live controversy between Centrum and Stafford Frey. See, e.g., DeFunis v. Odegaard, 416 U.S. 312, 317 (1974) (explaining that a controversy between the parties must be "definite and concrete") (internal citation and quotation omitted). Because the third party claim was moot, the bankruptcy court was without jurisdiction to consider it, and it erred in doing so. See, e.g., id. at 316 (explaining that federal courts lack jurisdiction to consider moot matters).

ORDER GRANTING APPEAL - 3

## III.  CONCLUSION

For all of the foregoing reasons, the Court GRANTS the appeal.  The bankruptcy court is instructed to vacate the portion of its judgment granting Stafford Frey's motion for summary judgment.  The third party complaint should be dismissed without prejudice as moot.  The Clerk of the Court is directed to send copies of this Order to all counsel of record and to the bankruptcy court.

DATED this 22nd day of March, 2010.

Robert S. Lasnik
United States District Judge

ORDER GRANTING APPEAL - 4